1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Wayne Cameron,

     Plaintiff

v.

Clark County, et al.,

     Defendant

**2:16-cv-01355-JAD-PAL**

**Order Granting Application to Proceed** *in forma pauperis* **and Screening Complaint**

[ECF No. 1]

10       Pretrial detainee Wayne Cameron has submitted a civil-rights complaint along with an

11  application to proceed *in forma pauperis*.  Because it appears that Cameron is not able to pay an

12  initial installment toward the filing fee, I grant his application to proceed *in forma pauperis*, screen

13  his complaint under the Prison Litigation Reform Act (PLRA), dismiss his claims without prejudice

14  and with leave to amend, and give Cameron until **March 3, 2017**, to file an amended complaint that

15  cures the deficiencies outlined in this order.

16                           **Discussion**

17  **A.      Screening Standards**

18       The PLRA directs federal courts to conduct a preliminary screening of any case in which a

19  prisoner seeks redress from a governmental entity or officer or an employee of a governmental

20  entity.[1]  In its review, the court must identify any cognizable claims and dismiss any claims that are

21  frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief

22  from a defendant who is immune from such relief.[2]  To state a claim under 42 USC § 1983, a

23  plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or

24  laws of the United States and (2) that the alleged violation was committed by a person acting under

25

26

27  [1] *See* 28 U.S.C. § 1915(a).

28  [2] *See* 28 U.S.C. § 1915A(b)(1)(2).

1   color of state law.[3]  Pro se pleadings must be liberally construed.[4]

2          Dismissal of a complaint for failure to state a claim upon which relief can be granted is

3   provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standards

4   under § 1915 when reviewing the adequacy of a prisoner's complaint.  When a court dismisses a

5   complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with

6   directions for curing its deficiencies unless it is clear from the face of the complaint that the

7   deficiencies could not be cured by amendment.[5]

8   **B.     Screening Cameron's complaint**

9          Cameron sues multiple defendants for events that took place while he was a pretrial detainee

10  at the Clark County Detention Center (CCDC).[6]  Cameron sues Clark County, the CCDC, the CCDC

11  Dental Department, Las Vegas Metropolitan Police Department (Metro), Sheriff Joseph Lombardo,

12  and unnamed "Doe" defendants.[7]  Plaintiff alleges two counts and seeks monetary damages and

13  declaratory relief.[8]

14         First, I dismiss all claims against the CCDC with prejudice and without leave to amend.  The

15  CCDC is an inanimate building, not a person or entity subject to liability and is therefore not a

16  legally viable target for Cameron's claims.

17         Cameron alleges the following: On May 30, 2012, he was arrested and sent to the CCDC.[9]

18  He was indigent and housed in the CCDC's protective-custody unit.[10]  At the time of his arrest, he

19

20  [3] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

21  [4] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

22  [5] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

23  [6] ECF No. 1-1 at 1, 3.

24  [7] *Id.* at 1–3.

25  [8] *Id.* at 8, 10.

26  [9] *Id.* at 3.

27  [10] *Id.*

28

1 had no teeth and fully relied on his dentures.[11]  While at the CCDC, Cameron used his dentures to

2 chew, consume food, and take daily vitamins to maintain his health and physical well being.[12]

3      In February or March 2016, jail officials subjected Cameron's entire housing unit to a "shake

4 down" during which officers thoroughly search inmates, their housing areas, or both.[13]  During the

5 shake down, three doe officers woke Cameron up to conduct a cell search during which his dentures

6 were broken, and they forced him to submit to a naked body search.[14]

7      As a result of the broken dentures, Cameron had to consume his meals in minuscule amounts

8 and his gums bled, received cuts and scrapes, were constantly sore, and were unbearably painful.[15]

9 Without the ability to consume his daily meals, Cameron lost significant weight and was

10 constipated.[16]  Cameron does not have the funds necessary to repair or replace his dentures.[17]  He

11 claims that he has "exhaustively" spoken with doe defendants in the CCDC's dental department in

12 efforts to repair or replace the dentures, to no avail.[18]

13      Cameron alleges that defendants have a practice to provide inadequate medical, dental, and

14 psychiatric care to inmates.[19]  He claims that defendants discriminated against him due to his

15 indigence and disability[20] and "maintained, tolerated, embraced, acquiesced in, and condoned"

16 defacto policies of interfering with dental prescriptions by destroying dentures during cell searches,

17 _____

18 [11] Cameron refers to his dentures as "dual dental prosthesis and assistive devices." *Id.* at 3.

19 [12] *Id.*

20 [13] *Id.*

21 [14] *Id.* at 4.

22 [15] *Id.*

23 [16] *Id.*

24 [17] *Id.* at 5.

25

26 [18] *Id.*

27 [19] *Id.*

28 [20] *Id.*

1   conducting cell searches without documenting damaged items or identifying the officers conducting

2   the searches, refusing to replace indigent inmates' dentures, failing to monitor abusive staff

3   members, and discriminating against indigent inmates.[21]  Cameron alleges that defendants were

4   deliberately indifferent to his serious medical needs (count one) and violated the Rehabilitation Act

5   and the American with Disabilities Act (count two).[22]

6   **C.     Count one is dismissed without prejudice and with leave to amend.**

7          A pretrial detainee's right to be free from punishment is technically governed by the Due

8   Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights

9   of pretrial detainees.[23]  Prison personnel violate the Eighth Amendment when they are deliberately

10  indifferent to serious medical needs.[24]  A plaintiff can prevail on a deliberate-indifference claim if he

11  can show that prison officials denied, delayed, or intentionally interfered with medical treatment and

12  that the delay or interference caused further injury or the unnecessary and wanton infliction of pain.[25]

13         Cameron fails to state a medical-needs claim because he has not identified a defendant for

14  this claim.  Cameron generally states that he "exhaustively" spoke to "doe defendants employed in

15  CCDC's dental department," but he has not provided dates or the details of those conversations and

16

17

18

---

19  [21] *Id.* at 6–7.

20  [22] *Id.* at 8–9.

21

22  [23] *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).  Pretrial detainees' excessive-force and failure-to-protect claims are governed by different standards than prisoners' Eighth

23  Amendment claims.  *See generally Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015) (holding that an objectively reasonable standard applies to a pretrial detainee's excessive-force claims); *Castro v.

24  Cty. of Los Angeles*, No. 12-56829, 2016 WL 4268955, at *7 (9th Cir. Aug. 15, 2016) (holding that an objectively reasonable standard applies to a pretrial detainee's failure-to-protect claims).  Neither

25  the Supreme Court nor the Ninth Circuit has addressed whether this new standard applies to pretrial detainees' medical-needs claims, so I continue to apply the governing Eighth Amendment standards.

26

27  [24] *Estelle v. Gamble*, 429 U.S. 97, 104 (1975).

28  [25] *Jett v. Penner*, 439 F.3d 1091, 1096 (2006).

1    he has not attempted to identify who he spoke to.[26]   Without these details, Cameron cannot establish

2    that jail officials purposely failed to respond to his dental needs.  Additionally, a municipality may be

3    found liable under § 1983 only if a municipal policy or custom is the moving force behind the

4    violation.[27]   Cameron's conclusory allegation that defendants had a de facto policy of depriving

5    inmates of dental care by destroying dentures during cell searches is insufficient.  He must provide

6    more details about this policy and who enforces it.

7           Because these defects can potentially be cured by amendment, I dismiss this claim without

8    prejudice and with leave to amend.  If Cameron chooses to amend, he must follow the directions in

9    the form complaint and "[s]tate the facts clearly, in [his] own words, and without citing legal

10   authority or argument . . . describe exactly what each specific defendant (by name) did to violate

11   [his] rights."

12   **D.     Count two**

13          Both the Americans with Disabilities Act (ADA)[28] and the Rehabilitation Act (RA)[29] apply in

14   the prison context.[30]   A prison inmate states a colorable claim under both the ADA and the RA if he

15   alleges that he was "improperly excluded from participation in, and denied the benefits of, a prison

16   service, program, or activity on the basis of his physical handicap."[31]

17          Cameron's ADA/RA claim fails because he fails to identify a proper defendant.  So I must

18   dismiss this claim, too—without prejudice and with leave to amend.  Upon amendment, Cameron

19   must follow the directions in the form complaint and "[s]tate the facts clearly, in [his] own words,

20

21   [26] Even though Cameron may not know the names of the dental officials that he spoke to, he needs to
22   specify the actions of each doe defendant that he is attempting to sue.

23   [27] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of
     Social Services*, 436 U.S. 658 (1978)).
24

25   [28] 42 U.S.C. § 12132.

26   [29] 29 U.S.C. § 794 or Section 5.

27   [30] *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).

28   [31] *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

1  and without citing legal authority or argument . . . describe exactly what each specific defendant (by

2  name) did to violate [his] rights."

3  **E.      Leave to amend**

4        Cameron is granted leave to file an amended complaint to cure the deficiencies outlined in

5  this order.  If Cameron chooses to file an amended complaint, he is cautioned that an amended

6  complaint replaces the original complaint and, thus, the amended complaint must be complete in

7  itself.[32]  Cameron's amended complaint must therefore contain all claims, defendants, and factual

8  allegations that he wishes to pursue in this lawsuit.  Cameron must file the amended complaint on

9  this court's approved prisoner civil-rights form and write the words "First Amended" above the

10 words "Civil Rights Complaint" in the caption.  If Cameron chooses to file an amended complaint,

11 he must do so by March 3, 2017.  If Cameron fails to file an amended complaint by this deadline,

12 this case will be dismissed without prejudice and without further notice and closed.

13                              **Conclusion**

14       Accordingly, IT IS HEREBY ORDERED that Cameron's application to proceed *in forma*

15 *pauperis* without having to prepay the full filing fee **[ECF No. 1] is GRANTED.**  Cameron may

16 maintain this action to conclusion without prepayment of fees or costs.  Nevertheless, under 28

17 U.S.C. § 1915, the full $350 filing fee remains due even if this action is later dismissed or is

18 otherwise unsuccessful.  This order does not extend to the issuance or service of subpoenas at

19 government expense.

20       IT IS FURTHER ORDERED that, under 28 U.S.C. § 1915(b)(2), the Clark County Detention

21 Center must pay to the Clerk of the United States District Court, District of Nevada, 20% of the

22 preceding month's deposits into the account of Wayne Cameron, #0797388 (in months that the

23 account exceeds $10) until the full $350 filing fee has been paid.  If Cameron is transferred to the

24 custody of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to

25

26 [32] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989)
   (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended
27 pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir.
   2012) (holding that a plaintiff is not required to reallege claims dismissed with prejudice in a
28 subsequent amended complaint to preserve them for appeal).

1   send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department

2   of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Cameron has

3   paid toward his filing fee so that funds may continue to be deducted from Cameron's account.  The

4   Clerk is direted to SEND a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino

5   Center Blvd., Las Vegas, NV 89101.

6        IT IS FURTHER ORDERED The Clerk of Court is directed to separately FILE Cameron's

7   complaint [ECF No. 1-1] and send to Cameron the approved form for filing a § 1983 complaint,

8   instructions for the same, and a copy of the original complaint.

9        IT IS FURTHER ORDERED that the complaint is dismissed in its entirety without prejudice

10   and with leave to amend.  Cameron has until **March 3, 2017**, to file an amended complaint curing

11   the deficiencies in this order.  Cameron must use the court's approved form and write the words

12   "First Amended" above the words "Civil Rights Complaint" in the caption.  If Cameron fails to file

13   an amended complaint by this deadline this action will be dismissed with prejudice and without

14   further notice.

15        Dated this 3rd day of February, 2017.

16   _____

17   Jennifer A. Dorsey
     United States District Judge

18

19

20

21

22

23

24

25

26

27

28