# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Wayne Cameron,

    Plaintiff

v.

County of Clark Nevada, et al.,

    Defendants

Case No.: 2:16-cv-01355-JAD-PAL

**Order Screening First Amended Complaint**

[ECF Nos. 9, 11]

    Pro se plaintiff Wayne Cameron was a pre-trial detainee at the Clark County Detention Center (CCDC).[1] He brings this civil-rights action under 42 U.S.C. § 1983 for events related to the destruction of his dentures during a surprise "shake-down" cell search.[2] Because he is proceeding *in forma pauperis*,[3] I screen his first-amended civil-rights complaint under 28 U.S.C. § 1915A and consider his pending motion for a continuance.[4] I find on screening that Cameron has pled plausible due-process and negligence claims against some Doe Defendants, so I allow him to proceed on those claims once he learns their identities.

## Background[5]

    Cameron alleges that, during his pre-trial detention at CCDC, officers of the Las Vegas Metropolitan Police Department (LVMPD) performed a shake-down search of his cell in the middle of the night. Cameron has no teeth and relies on a full set of dentures. He took his

---

[1] It's unclear whether Cameron was released or transferred to a Nevada state prison. He indicates that he was transferred elsewhere, ECF No. 11 at 2, but the Nevada Department of Corrections inmate-search feature indicates that he has been discharged. NEV. DEP'T OF CORR. (May 21, 2018) http://doc.nv.gov/Inmates/Home/ (inmate search by name Wayne Cameron or offender ID 41327).

[2] ECF No. 1-1. According to Cameron, "'[s]hake down' is a jail/prison term [that] describes the thorough searching of inmates/prisoners, their housing area or both." *Id.* at 3.

[3] ECF No. 2.

[4] ECF No. 11.

[5] These background facts, which I must take as true at this preliminary screening stage, are taken directly from Cameron's first-amended civil-rights complaint. ECF No. 9. They are not intended as findings of fact.

dentures out while he slept and put them in a glass of water near his bunk. Cameron was instructed to exit his cell during the shake down before he had an opportunity to grab his dentures. When Cameron returned to his cell, the glass had fallen on the ground and his dentures were destroyed.

Without his dentures, Cameron is unable to process food adequately, which causes him several medical complications. Cameron alleges that his dentures were in an open and obvious location, and it was only because of the officers' reckless and "absolute indifference" to his serious medical needs that they were thrown on the floor and broken. Cameron filed multiple grievances to have his dentures repaired or replaced, but those grievances were either ignored or denied.

Cameron sues the unidentified officers (Does 1–5) who performed the shake down, Sheriff Joseph Lombardo, and the LVMPD for violating the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), the Due Process Clause, and for negligence. He seeks monetary damages and injunctive relief.

## Discussion

**A.    Screening standard for pro se prisoner claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who has immunity.[7] To state a § 1983 claim, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under the color of

---

[6] *See* 28 U.S.C. § 1915A(a).

[7] *See* 28 U.S.C. § 1915A(b)(1)(2); 28 U.S.C. § 1915(e)(2) (adding the requirement that a claim be dismissed if "the allegation of poverty is untrue").

state law.[8]  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief.[9]

In making this determination, the court takes as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.[10]  Allegations of a pro se plaintiff are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

All or part of a complaint filed by a prisoner may also be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[15]  If it's clear from the face of the complaint that any deficiencies could not be cured by amendment, the court is not required to grant leave to amend.[16]

---

[8] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[9] *See Morely v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id.*

[15] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[16] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening Cameron's first-amended complaint**

*1.     Right to due process for medical issues*

A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees.[17]  Although the U.S. Supreme Court and the Ninth Circuit have started to apply an objectively reasonable standard to determine whether a pretrial detainee's rights have been violated, those courts have not fully addressed the new standard for medical claims and pretrial detainees.[18]  For screening purposes, I analyze Cameron's claims under the traditional Eighth Amendment deliberate-indifference standard.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[19]  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[20]  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[21]

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[22]  To satisfy the deliberate-indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible

---

[17] *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).

[18] *See generally Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) (holding that an objectively reasonable standard applies to a pretrial detainee's excessive-force claims); *Castry v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (holding that an objectively reasonable standard applies to a pretrial detainee's failure-to-protect claims).

[19] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[20] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[21] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[22] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

medical need and (b) harm caused by the indifference."[23] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[24] When a prisoner alleges that delay of medical treatment amounts to deliberate indifference, the prisoner must show that the delay led to further injury.[25]

I find that Cameron has stated a colorable due-process, medical-issue claim. Cameron alleges that the Doe officers destroyed his dentures while they shook down his cell. He also alleges that CCDC refused to replace or repair his dentures, and because of that, he has suffered multiple severe medical complications related to eating and digesting his food and malnutrition. This claim will thus proceed against the Doe officers who performed the shake down once Cameron learns their identities.

### 2. *ADA and RA claims*

The Ninth Circuit has held that "the ADA prohibits discrimination because of disability, not inadequate treatment for disability."[26] "Courts hold that allowing prisoners to utilize the ADA and RA as causes of action for not receiving medical treatment is simply making 'an end run around the Eighth Amendment.'"[27] I therefore dismiss Cameron's claim under the ADA and the RA because it is redundant to his due-process medical claim, which provides the proper standard based on his allegations.

### 3. *Negligence*

Cameron also alleges that the Doe officers were negligent in performing the shake down. Liberally construed, I find that Cameron has sufficiently pled a negligence claim against them.

---

[23] *Id.*

[24] *Id.* (internal quotations omitted).

[25] *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more is insufficient to state a claim of deliberate medical indifference").

[26] *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010).

[27] *King v. Calderwood*, 2015 WL 4937953, at *2 (D. Nev. Aug. 19, 2015) (citing *Deeds v. Bannister*, 2013 WL 1250343, at *5 (D. Nev. Jan. 8, 2013)).

His dentures were in an open and obvious location, and it may have been a breach of the officers' duty when his dentures were knocked over and destroyed. I also find that I may exercise supplemental jurisdiction over this state-law negligence claim,[28] so I will allow it to proceed against the Doe defendants once Cameron learns their identities.

### 4.    Doe defendants

The use of Doe defendants is not favored in the Ninth Circuit.[29] Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them.[30] Failure to afford the plaintiff such an opportunity is error.[31] Accordingly, Cameron is allowed to conduct limited pre-service discovery in an effort to ascertain the true identities of the officers who shook down his cell and denied his grievances.[32] To that end, the LVMPD will be directed to enter a limited notice of appearance in this action for the purpose of responding to Cameron's discovery requests. The LVMPD is directed to identify the names of the Doe officers who searched Cameron's cell the day his dentures broke and to identify the names of the Doe officials who denied Cameron's requests to replace or repair the dentures. After the LVMPD has identified those individuals, the court will enter an order directing service of those individuals through the U.S. Marshal's Office.

## C.    Motion for continuance

Cameron is attempting to find pro bono legal representation but has been unable to do so.[33] He moves for a continuance and to stay this case while he looks for counsel to represent

---

[28] 28 U.S.C. § 1367(a).

[29] *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[30] *Id.*

[31] *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

[32] When Cameron attempted to identify which jail officials had denied his requests by asking for copies of his kites, jail officials responded, "records available upon release [from jail] or through request of counsel." ECF No. 9 at 9. Cameron has not been able to secure counsel and notes that he is still confined to jail. *Id.* at 10.

[33] ECF No. 11.

him.[34]  I grant Cameron additional time to find pro bono counsel, but I will not stay this case while he does so; Cameron may continue to conduct limited pre-service discovery while he searches for counsel.  So, I grant the motion in part and deny it in part.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the operative complaint is the first-amended complaint [ECF No. 9].

IT IS FURTHER ORDERED that the due-process, medical-issues claim will proceed against Doe jail officials who broke Cameron's dentures and the Doe jail officials who have denied to replace or repair them once Cameron learns their identities.

IT IS FURTHER ORDERED that the combined ADA and RA claim is dismissed without prejudice and without leave to amend.

IT IS FURTHER ORDERED that the state-law negligence claim will proceed against the Doe jail officials who broke Cameron's dentures during the shake down once he learns their identities.

IT IS FURTHER ORDERED that the claims against Defendants LVMPD and Lombardo are dismissed without prejudice because there are no allegations against them in the amended complaint.  Although the claims against LVMPD are dismissed, **LVMPD must still enter a limited notice of appearance for the limited purpose of providing pre-service discovery** as outlined in Section B(4), *supra*.

The **Clerk of Court** is directed to:

- Issue a summons for Defendants LVMPD and deliver it to the U.S. Marshal for service;

- Send to Cameron one USM-285 form;

- Send a copy of the amended complaint (ECF No. 9) and a copy of this order to the U.S. Marshal for service on the defendants.

---

[34] *Id.*

7

IT IS FURTHER ORDERED that Cameron has **until June 20, 2018, to give to the U.S. Marshal the required USM-285 form with the relevant information as to LVMPD**. Then, **from the date that** the U.S. Marshal returns to Cameron copies of the USM-285 forms showing whether service has been accomplished, Cameron **will have 20 days to file a notice with the Court identifying whether LVMPD was or was not served.** If Cameron wishes to have service reattempted on an unserved defendant, he must file a motion that identifies the unserved defendant, specifies a more-detailed name or address for the defendant, and details the manner of service that should be attempted.

IT IS FURTHER ORDERED that the LVMPD has **until July 20, 2018,** to enter a limited notice of appearance for the limited purpose of conducting limited pre-service discovery in an effort to ascertain the true identities of the Doe defendants.

IT IS FURTHER ORDERED that, within **15 days of entering a limited notice of appearance**, the LVMPD must file a notice identifying the names of the Doe jail officials who shook down Cameron's cell the day that his dentures broke and the names of the Doe jail officials who denied his requests to repair or replace them.

IT IS FURTHER ORDERED that the motion for continuance **[ECF No. 11] is GRANTED in part and DENIED in part**. Cameron may continue to look for counsel, but the court will not stay this case.

Dated: May 21, 2018

_____
U.S. District Judge Jennifer A. Dorsey