**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Wayne Cameron,<br><br>    Plaintiff<br><br>v.<br><br>County of Clark Nevada, et al.,<br><br>    Defendants | Case No.: 2:16-cv-01355-JAD-PAL<br><br>**Order Striking Doe Defendants' Answer and Directing the LVMPD to Enter a Limited Appearance and Identify Doe Defendants** |

On May 21, 2018, I screened pro se plaintiff Wayne Cameron's first-amended complaint and allowed him to proceed on his due-process-medical-issues claim against the doe defendants who broke his dentures and the other doe defendants who failed to replace or repair them (once he identifies them).[1] I also allowed him to proceed on his state-law negligence claim against the same doe defendants who broke his dentures.[2] Then, I ordered the Las Vegas Metropolitan Police Department (LVMPD) to enter a limited notice of appearance—even though I dismissed all claims against it without prejudice[3]—to provide Cameron with pre-service discovery to help identify the doe defendants.[4]

I directed the Clerk's Office to send Cameron a USM-285 form and ordered Cameron to give the U.S. Marshals Service the required USM-285 form with the relevant information as to the LVMPD on it by June 20, 2018.[5] After receiving the form, the U.S. Marshal would then attempt to serve the LVMPD, who would then enter a limited notice of appearance.[6] On July 2,

---

[1] ECF No. 12 at 7.

[2] *Id.*

[3] In my screening order, I dismissed Cameron's claims against the LVMPD without prejudice because Cameron made no allegations against it in his amended complaint. ECF No. 12 at 7. But in my last order, I mistakenly stated that this dismissal was *with* prejudice. ECF No. 15 at 1. The dismissal remains without prejudice.

[4] *Id.*

[5] *Id.* at 7–8.

[6] *Id.*

1

2018, Cameron filed a notice stating that he had failed to serve the LVMPD.[7] He mentioned that he hadn't returned the USM-285 form to the U.S. Marshal because he still didn't know the identities of the doe defendants.[8] In light of this notice, I clarified the directions that I gave in the previous order and gave Cameron another opportunity to serve the U.S. Marshal.[9] The final steps also specified what actions the LVMPD was required to take if Cameron completed service:

> (4) . . . [the] LVMPD will enter a limited notice of appearance for the purposes of pre-service discovery; (5) the LVMPD will then identify the names of the Doe defendants who broke Cameron's dentures and the Doe defendants who denied to replace or repair them; (6) the LVMPD will file a notice with the court identifying those Doe defendants.[10]

Cameron complied with my instructions, and the U.S. Marshal filed notice that it had served the LVMPD on August 13, 2018.[11] But the LVMPD never entered a limited appearance. Instead, its counsel submitted an answer on behalf of doe defendants to Cameron's first-amended complaint but never identified these defendants. Because the LVMPD has failed to follow my instructions and because it is improper for unidentified defendants to respond to a pleading, I strike the doe defendants' answer and give the LVMPD a final opportunity to comply with the three steps above.

## Conclusion

Accordingly, the **Clerk of Court** is directed to **STRIKE the Answer to Plaintiff's First Amended Complaint [ECF No. 19].**

---

[7] ECF No. 14.

[8] *Id.* at 1–2.

[9] ECF No. 15.

[10] *Id.* at 2.

[11] ECF No. 18.

IT IS FURTHER ORDERED that **the LVMPD has 10 days to enter a notice of appearance** for the limited purpose of conducting pre-service discovery in an effort to identify the doe defendants. From the date that the LVMPD enters its limited notice of appearance, it will have an additional **ten days to FILE a notice that identifies the names of the doe defendants.**

Dated: October 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey