# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Wayne Cameron,

    Plaintiff

v.

County of Clark Nevada, et al.,

    Defendants

Case No.: 2:16-cv-01355-JAD-PAL

**Order regarding pre-service discovery**

    Pro se plaintiff Wayne Cameron is currently being held in pre-trial detention at the Clark County Detention Center (CCDC), which is operated by the Las Vegas Metropolitan Police Department (LVMPD). He sues several unnamed LVMPD employees who he claims broke his dentures while searching his cell, as well as other unnamed employees who allegedly denied or ignored his multiple requests to have his dentures repaired or replaced. On May 21, 2018, I screened his first-amended complaint and allowed him to proceed on his due-process-medical-issues and state-law-negligence claims against these doe defendants (once he identifies them).[1] I also ordered LVMPD to enter a limited notice of appearance—even though I dismissed all claims against it without prejudice[2]—and identify the doe defendants.[3]

    In response, LVMPD represents that it is unable to identify any employees who committed acts that match Cameron's allegations. Regarding the search that Cameron claims resulted in his dentures breaking, LVMPD asserts that it cannot determine which guards were involved because cell searches occur frequently but at random intervals and because Cameron has identified a two-month span for when he believes the search occurred.[4] I agree that

---

[1] ECF No. 12 at 7.

[2] I also dismissed Cameron's claims against Sheriff Joseph Lombardo without prejudice. ECF No. 12 at 7.

[3] *Id.*; *see also* ECF No. 27 (striking the answer that LVMPD filed on behalf of doe defendants and reiterating my instructions on entering a limited notice of appearance).

[4] ECF No. 28 at 2; *see also* ECF No. 9 (Cameron alleging that the search occurred "sometime in March/February 2016").

Cameron's allegations do not provide LVMPD with sufficient information to identify the guards that conducted the search. For his claim against them to proceed, he must, at the minimum, be able to identify a specific week and segment of the day that his dentures were broken—for example, between breakfast and lunch during the first week of March 2016. If Cameron provides notice to the court by November 19, 2018, that he recalls these details, I will order LVMPD to disclose which of its employees were on duty during the narrower timeframe he provides and would have had the authority to search his cell.

Cameron's due-process claim is also premised on his allegation that LVMPD officials denied or ignored his multiple requests that his dentures be fixed or replaced. He avers that he submitted these requests through grievance forms and that LVMPD has denied him copies of these forms.[5] LVMPD responds that it has no records showing that Cameron's "grievances regarding his dentures were denied."[6] It also represents that the only files that reference broken dentures after the alleged search are (1) a June 2016 physical-assessment form, in which a nurse practitioner wrote "broken dentures" under the "current complaint[s]" heading and (2) a written request by Cameron in May 2017 for a copy of all the grievances he filed requesting denture replacements.[7]

I recognize that the lack of documentation showing that LVMPD denied any of Cameron's denture repair/replacement requests undermines his claim. But this case is in its infancy, and at the service stage, Cameron must merely identify the LVMPD employees who would have received his requests and been responsible for either directly approving or denying them. Because it is understandable that Cameron may not be able to name these individuals, I order LVMPD to provide Cameron copies of any grievances, kites, or inquiries regarding his dentures that he has filed since February 2016, and any written responses by CCDC; and I order LVMPD to identify the full names of the CCDC employees who reviewed or handled these

---

[5] ECF No. 9 at 9.

[6] ECF No. 28 at 1.

[7] *Id*. at 2–3; ECF No. 28-3 at 2, 8. Cameron also submitted a denture repair request more than two years before the alleged search, describing his top denture as "cracked." ECF No. 28-1 at 2.

2

grievances. Cameron must notify the court by November 19, 2018, of the names of any CCDC employees he wishes to substitute for the doe defendants in his due-process claim.

## Conclusion

IT IS HEREBY ORDERED that **LVMPD must provide Cameron, by November 5, 2018,** the following:

- Copies all of Cameron's grievances, kites, or inquiries regarding his dentures that he has submitted since February 2016, and any written responses; and
- The names of all current or former CCDC employees (medical or non-medical) who, reviewed or handled those grievances, kites, or inquiries.

**LVMPD must notify the court by November 6, 2018,** that it is has provided Cameron these documents and names.

IT IS FURTHER ORDERED that Cameron must notify the court by **November 19, 2018:**

- Whether he can recall the specific week and segment of the day that his dentures were allegedly broken during the search of his cell;
- The names of any CCDC employees he wishes to substitute for the doe defendants in his due-process claim.

Dated: October 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey