# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Wayne Cameron,

    Plaintiff

v.

County of Clark Nevada, et al.,

    Defendant

Case No.: 2:16-cv-01355-JAD-PAL

**Order regarding pre-service discovery**

    Pro se plaintiff Wayne Cameron is currently being held in pre-trial detention at the Clark County Detention Center (CCDC), which is operated by the Las Vegas Metropolitan Police Department (LVMPD). Cameron sues several unnamed LVMPD employees who he claims broke his dentures while searching his cell, as well as other unnamed employees who allegedly denied or ignored his multiple requests to have his dentures repaired or replaced. I previously screened Cameron's first-amended complaint and allowed him to proceed on his due-process-medical-issues and state-law-negligence claims against these doe defendants (once he identifies them).[1] I also ordered LVMPD to enter a limited notice of appearance—even though I dismissed all claims against it without prejudice[2]—and identify the doe defendants.[3]

    In response, LVMPD represented that it is unable to identify any employees who committed acts that match Cameron's allegations. Regarding the search that Cameron claims resulted in his dentures breaking, LVMPD asserted that it could not determine which guards

---

[1] ECF No. 12 at 7.

[2] I also dismissed Cameron's claims against Sheriff Joseph Lombardo without prejudice. ECF No. 12 at 7.

[3] *Id.*; *see also* ECF No. 27 (striking the answer that LVMPD filed on behalf of doe defendants and reiterating my instructions on entering a limited notice of appearance).

were involved because cell searches occur frequently but at random intervals and because Cameron identified a two-month span for when he believes the search occurred.[4] In my last order, I agreed that Cameron's allegations do not provide LVMPD with sufficient information to identify the guards that conducted the search.[5] I concluded that, for Cameron's claims against these guards to proceed, he must, at a minimum, identify a specific week and segment of the day that his dentures were broken.[6] So, I directed Cameron to notify the court by November 19, 2018, if he could recall these details—in which case I would order LVMPD to disclose the names of employees who were on duty during the narrower timeframe and would have had the authority to search his cell.[7] But Cameron failed to provide this notice or otherwise respond to my order. I therefore dismiss his due-process and negligence claims as to the unnamed LVMPD employees who broke his dentures.

Cameron's due-process claim is also premised on his allegation that LVMPD officials denied or ignored his multiple requests to have his dentures fixed or replaced. He avers that he submitted these requests through grievance forms and that LVMPD has denied him copies of these forms.[8] LVMPD responded that it has no records showing that Cameron's "grievances regarding his dentures were denied."[9] It also represented that the only files that reference broken dentures after the alleged search are (1) a June 2016 physical-assessment form, in which a nurse practitioner wrote "broken dentures" under the "current complaint[s]" heading and (2) a written

---

[4] ECF No. 28 at 2; *see also* ECF No. 9 (Cameron alleging that the search occurred "sometime in March/February 2016").
[5] ECF No. 29 at 1–2.
[6] *Id.* at 2.
[7] *Id.*
[8] ECF No. 9 at 9.
[9] ECF No. 28 at 1.

2

request by Cameron in May 2017 for a copy of all the grievances he filed requesting denture replacements.[10]

But at this early stage of litigation, Cameron must merely identify the LVMPD employees who would have received his requests and been responsible for either directly approving or denying them. I therefore ordered "LVMPD to provide Cameron copies of any grievances, kites, or inquiries regarding his dentures that he has filed since February 2016, and any written responses by CCDC; and I order[ed] LVMPD to identify the full names of the CCDC employees who reviewed or handled these grievances."[11] I also directed LVMPD to notify the court by November 6, 2018, that it had provided Cameron these documents and names.[12] But instead of providing the required notice, LVMPD filed a near-duplicate of its last response.[13]

This submission is not responsive to my last order. LVMPD may have intended to convey that it has never *denied* a request from Cameron to have his dentures repaired or replaced. But this representation does not address Cameron's allegation that CCDC employees *ignored* his requests. To that end, Cameron requested—and I ordered—that LVMPD provide him all grievances, kites, or inquiries regarding his dentures that he has filed since February 2016.

Because it appears that LVMPD misunderstood my order, I now provide LVMPD a final opportunity to comply with my pre-service-discovery instructions. Accordingly,

---

[10] *Id*. at 2–3; ECF No. 28-3 at 2, 8. Cameron also submitted a denture repair request more than two years before the alleged search, describing his top denture as "cracked." ECF No. 28-1 at 2.
[11] ECF No. 29 at 2–3.
[12] *Id*. at 3.
[13] ECF No. 30.

3

IT IS HEREBY ORDERED that LVMPD must **provide the court EITHER of the following items by December 12, 2018**:

- A notice that it has provided Cameron (1) copies of all grievances, kites, or inquiries regarding his dentures that he has filed or submitted since February 2016; (2) all written responses by CCDC; and (3) the full names of the CCDC employees who reviewed or handled these grievances. The notice must attach copies of any document provided to Cameron.
- A declaration from an appropriate LVMPD official that (1) attests that CCDC has no record of Cameron *filing or submitting* grievances, kites, or inquiries regarding his dentures since February 2016, and (2) explains whether CCDC has a policy of destroying inmate grievances, kites, or inquiries after any period of time.

**LVMPD's failure to strictly comply with this instruction may result in sanctions.**

IT IS FURTHER ORDERED that Cameron's due-process and negligence claims against the unknown guards who allegedly broke his dentures during a search of his cell in early 2016 are **DISMISSED**.

Dated: November 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey