UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WAYNE CAMERON, <br><br> Plaintiff, <br> v. <br><br> COUNTY OF CLARK NEVADA, et al., <br><br> Defendants. | Case No. 2:16-cv-01355-JAD-PAL <br><br> **ORDER** <br><br> (Mots. Appoint Counsel – ECF Nos. 26, 32) |

This matter is before the court on Plaintiff Wayne Cameron's Motions for Appointment of Counsel (ECF Nos. 26, 32). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7(c) of the Local Rules of Practice.

Mr. Cameron is a pretrial detainee at the Clark County Detention Center ("CCDC"). This case arises from his allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his civil rights. Cameron is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1. *See* IFP App. (ECF No. 1); Order (ECF No. 2).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent an IFP litigant. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is

defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015).

Mr. Cameron's Motions ask the court to appoint counsel because his imprisonment will greatly limit his ability to litigate his claims. He has received permission to proceed IFP in this case and he is unable to afford counsel. He has repeatedly attempted to obtain counsel without success. Cameron asserts that legal issue in this case are complex and will require significant research and discovery; however, he has limited access to CCDC's law library and limited knowledge of the law. A trial in this case will likely involve conflicting testimony and evidence, and counsel would better enable Cameron to present evidence and cross-examine witnesses. Although Mr. Cameron acknowledges that he may not have a statutory right to counsel, he claims that due process requires the appointment of counsel because his interest in this case is an extremely important one.

The court has considered the Motions and finds that Mr. Cameron has not established exceptional circumstances to justify the appointment of counsel. Cameron's First Amended Complaint states two colorable claims: (1) a due-process, medical-issue claim, and (2) a negligence claim. Based on the record at this early stage of the proceedings, the court is unable to assess the likelihood of success of Cameron's claims on the merits. However, the facts alleged and legal issues raised in this case are not especially complex. Since commencing this action, Mr. Cameron has submitted multiple motions, declarations, notices, and letters to the court. *See* ECF Nos. 4, 6, 8, 11, 14, 18, 25, 34, 35, 38. He also filed an amended pleading curing the deficiencies explained in the Screening Order (ECF No. 12). Thus, he has demonstrated sufficient ability to write and articulate his claims.

The court understands that it is difficult for pro se parties to litigate their claims and almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available

to accept a pro bono appointment is very small. The court therefore denies his Motions. Mr. Cameron should do his best familiarize himself with the Federal Rules of Civil Procedure, the Local Rules of Practice, and substantive law governing his case.

Accordingly,

**IT IS ORDERED:** Wayne Cameron's Motions for Appointment of Counsel (ECF Nos. 26, 32) are **DENIED without prejudice**.

Dated this 11th day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE