# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Wayne Cameron,

    Plaintiff

v.

County of Clark Nevada, et al.,

    Defendant

Case No.: 2:16-cv-01355-JAD-PAL

**Order Referring this Case to the Pro Bono Program**

    Pro se plaintiff Wayne Cameron is currently being held in pre-trial detention at the Clark County Detention Center (CCDC), which is operated by the Las Vegas Metropolitan Police Department (LVMPD). Cameron sues several unnamed LVMPD employees who allegedly denied or ignored his multiple requests to have his dentures repaired or replaced after they were broken in early 2016 while Cameron was in custody. Because the identities of these defendants are unknown, I have issued several pre-service discovery orders directing LVMPD to provide Cameron copies of any grievances, kites, or inquiries he submitted regarding his dentures and to identify the employees who reviewed or handled these grievances.[1]

    The only "Inmate Request/Grievance" form that LVMPD has provided is Cameron's request in mid-2017 for copies of all of his prior requests and grievances regarding his dentures. LVMPD also identified the names of three individuals responsible for reviewing or that did review his grievances or inquiries since 2016: "Dr. A. Kirkwood (NaphCare), Ashley Komacsar (NaphCare), and David Mancha (CCDC)."[2] Because this filing appeared non-responsive to my

---

[1] ECF Nos. 27, 29, 33.

[2] ECF No. 36-4.

order, I set a hearing on pre-service discovery and directed LVMPD to produce Cameron.[3] At the hearing, counsel for LVMPD represented and clarified that, although the 2017 grievance form makes reference to prior grievances, LVMPD has no earlier written grievances from Cameron on file regarding his dentures. Cameron presented his dentures, which, as he claimed, were broken into several pieces and clearly unusable in their current state. Cameron represented that, when he previously attempted to have his dentures repaired at CCDC, he was informed that the procedure would cost him $75. Because he was unable to pay, the dentures remain unrepaired. I ordered LVMPD to provide Cameron and this court a copy of the procedures he must follow to get his dentures repaired.[4] And because LVMPD couldn't specify who Ashley Komacsar was during the hearing, I asked it to identify her in a supplemental filing.

In its subsequent filing, LVMPD cites to NRS 211.140, which addresses inmate medical care, as well as relevant portions of the CCDC inmate handbook.[5] The upshot is that inmates are entitled to dental care but "may be financially responsible for medical care and treatment under certain circumstances[,] including . . . preexisting medical conditions . . . ."[6] Although LVMPD cites this provision, LVMPD doesn't clarify whether it believes that Cameron's need for new dentures constitutes a preexisting condition given that he claims that they were broken when his cell was tossed by LVMPD officers in 2016. Rather, LVMPD asserts that "Cameron's records do not include any evidence that he requested medical treatment for damaged dentures" except for a grievance he filed in 2014 and that he never followed-up with unspecified instructions he

---

[3] ECF No. 37.
[4] ECF No. 42.
[5] ECF No. 43.
[6] *Id*. at 3 (quoting Inmate Handbook).

2

was given at the time.[7]  LVMPD also reports that Cameron was seen by a dentist shortly after the hearing and "he told the examining doctor that he is not having any issues, is doing ok[,] and does not want any change in his diet."[8]  Finally, LVMPD clarified that Ashley Komacsar is an employee of NaphCare, a private contractor that provides medical services to CCDC inmates, and that she responded to his mid-2017 grievance.[9]

In response, Cameron confirms that he saw a dentist after the hearing but represents that he was again informed that his dentures would only be repaired if he paid $75.[10]  Cameron further states that he was given the option of having his food blended and that he continues to suffer from "stomach pains, hunger pains, [and] constapation [sic] . . . ."[11]  LVMPD didn't reply, and it has yet to address Cameron's central assertion that, now that LVMPD/NaphCare are undeniably on notice regarding his broken dentures, they are conditioning repair on Cameron's ability to pay.

Because of the difficulties this case has posed and Cameron's proven and continued inability to obtain dentures, I am referring this case to the Pro Bono Program adopted in General Order 2017-07 for the purpose of identifying counsel willing to be appointed as pro bono (free) counsel for Cameron.  The scope of appointment will be for all purposes through the conclusion of trial.  By referring this case to the Program, I am not expressing an opinion about the merits of the case.

---

[7] *Id*.
[8] *Id*.
[9] *Id*. at 2–3.
[10] ECF No. 44.
[11] *Id*. at 2–3.

3

It may take several months before pro counsel is appointed. In the meantime, if Cameron wants this case to proceed against the three LVMPD/NaphCare employees that LVMPD has identified (Dr. A. Kirkwood, Ashley Komacsar, and David Mancha), he must file a motion asking that these individuals take the place of the John Doe defendants. Accordingly,

**IT IS HEREBY ORDERED** that this case is referred to **the Pro Bono Program for appointment for all purposes through the conclusion of trial.** The Clerk of Court is directed to **forward this order to the Pro Bono Liaison**.

Dated: April 15, 2019

_____
U.S. District Judge Jennifer A. Dorsey